FILED

NOT FOR PUBLICATION

MAY 12 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARRELL M. PATTERSON,

Petitioner - Appellant,

v.

PEOPLE OF THE STATE OF
CALIFORNIA; et al.,

Respondents - Appellees.

No. 09-15468

D.C. No. 2:02-cv-02321-FCD-
EFB

MEMORANDUM [*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Darrell Patterson appeals the district court's denial of his claim under *Batson*

*v. Kentucky*, 476 U.S. 79 (1986), raised in his federal habeas corpus petition. We

affirm.

--------

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

In *Batson*, the Supreme Court held that the use of race-based peremptory challenges to excuse prospective jurors runs afoul of the Equal Protection Clause of the Fourteenth Amendment. *Batson*, 476 U.S. at 89. Courts evaluate a *Batson* challenge using a three-part test. *Kesser v. Cambra*, 465 F.3d 351, 359 (9th Cir. 2006) (en banc). "First, the defendant must make a prima facie showing that a challenge was based on race. Second, the prosecution must offer a race-neutral basis for the challenge. Third, the court must determine whether the defendant has shown 'purposeful discrimination.'" *Id.* (quoting *Batson*, 476 U.S. at 98). The "ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett v. Elem*, 514 U.S. 765, 768 (1995).

After Patterson's first trial ended in a mistrial due to a holdout juror, the jury in the second trial convicted Patterson, an African-American male, of robbery. Patterson's defense in both trials rested on the assertion that the cross-racial eyewitness identifications were unreliable. During jury selection for his second trial, Patterson challenged the prosecutor's use of a peremptory challenge against a female African-American juror, R.E. The trial judge declined to hold a *Batson* hearing or require the prosecutor to state his reasons for the strike. On direct appeal, the California Court of Appeal rejected Patterson's claim, citing both *Batson* and *People v. Wheeler*, 583 P.2d 748 (Cal. 1978).

2

Patterson again raised his *Batson* claim in his federal habeas corpus petition. As a threshold matter, the district court ruled that the state appellate court had applied the incorrect legal standard in evaluating Patterson's *Batson* claim. Although California courts have used *Wheeler* and *Batson* interchangeably, *Wheeler* requires " a strong likelihood" that the excused juror was challenged because of group association, *Wheeler*, 583 P.2d at 764, while *Batson* requires only that the defendant raise an inference that potential jurors were excluded due to their race. *Batson*, 476 U.S. at 94. Reviewing the claim de novo, the district court held that Patterson had made a prima facie showing of racial bias.

Subsequently, the district court held an evidentiary hearing, at which the prosecutor testified that he exercised a peremptory challenge to excuse R.E. because of her demeanor and because he had identified stronger jurors whom he wanted on the jury. The district court determined that the Supreme Court's holding in *Snyder v. Louisiana*, 552 U.S. 472 (2008), prevented the court from relying on the prosecutor's demeanor-based explanation for the peremptory challenge.[1] The district court found, however, that the prosecutor testified credibly

---

[1]As the Supreme Court recently made clear, *Snyder* did not establish such a rule. *Thaler v. Haynes*, 130 S. Ct. 1171, 1172 (2010).

3

that he had excused R.E. to get one of the waiting potential jurors, who he felt would be a better juror, on the panel.

We review de novo a district court's denial of a habeas corpus petition and review for clear error the district court's factual findings. *Ali v. Hickman*, 584 F.3d 1174, 1181 (9th Cir. 2009). If the state court applied an incorrect legal standard in evaluating a *Batson* claim, we do not defer to the state court's factual finding that there was no prima facie showing of bias. *Paulino v. Castro*, 371 F.3d 1083, 1090 (9th Cir. 2004). Rather, we review de novo both whether the defendant made a prima facie showing of bias and whether the prosecutor offered a "race-neutral" explanation. *Paulino v. Harrison*, 542 F.3d 692, 698-99 (9th Cir. 2008). We then review for clear error the question of whether the defendant has proved purposeful discrimination. *Id.* at 699.

The district court's finding that the prosecutor's testimony was credible is not clearly erroneous. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) (findings based on credibility determinations are entitled to great deference). Testifying eight years after the trial, the prosecutor identified specific jurors who he thought would be strong jurors for the prosecution, having observed and questioned them during voir dire. Because the district court credited this testimony as true, it was not clearly erroneous for the district court to conclude that

4

Patterson had not proven purposeful discrimination. *Cf. Haynes*, 130 S. Ct. at 1175 ("[T]he best evidence of the intent of the attorney exercising a strike is often that attorney's demeanor."). Thus, we affirm the district court's denial of Patterson's habeas corpus petition.

**AFFIRMED.**

*Patterson v. California*, 09-15468

B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent. The prosecutor gave two reasons for rejecting R.E. First, he testified that he struck R.E. because of her demeanor, specifically stating that she seemed disengaged, was "almost a little bit spacey," did not seem to be paying attention or understand what was happening, and did not make eye contact. Second, he testified that he exercised a peremptory challenge against R.E. to get a stronger juror on the panel. The district court rejected the first reason in its entirety, leaving only the prosecutor's testimony on needing stronger jurors to support the exercise of the peremptory challenge.

Even taken together, the two reasons the prosecutor offered for striking R.E. do not provide the "clear and reasonably specific explanation" that *Batson* requires. *Batson v. Kentucky*, 476 U.S. 79, 98 n. 20 (1986) (internal quotation omitted); *see Kesser v. Cambra*, 465 F.3d 351, 364 (9th Cir. 2006) (en banc) (noting that the prosecutor's explanation for striking a potential juror—that the juror was "emotional about the system"—was "so underdeveloped that it likely falls short of *Batson*'s mandate for a 'clear and reasonably specific' explanation of the legitimate reasons for exercising the challenges"); *Williams v. Runnels*, 432 F.3d 1102, 1109 n.12 (9th Cir. 2006) ("[E]ven accepting that being a 'loner' or not

1

having previously served on a jury can be a race-neutral basis for exercising a peremptory challenge, it is not the type of reason that weighs against an inference of bias."). If the prosecutor's reasons here provide a race-neutral reason for exercising the strike, then "it is difficult to imagine how any defendant could prevail on a *Batson* claim following a trial court's summary rejection of the *Batson* challenge at the first step of the *Batson* test." *Williams*, 432 F.3d at 1109 n.12.

Moreover, the district court cannot insulate its factual findings by relying on the prosecutor's credibility. Although the prosecutor testified that he excused R.E. to get a certain juror on the panel, that juror, Juror Duke, already was seated on the jury. When that was pointed out to him, the prosecutor changed course and then stated he exercised the peremptory challenge against R.E. because he believed the defense was going to excuse Juror Duke. At the time the prosecutor excused R.E., however, the defense already had passed on the jury. The prosecutor finally settled on the explanation that he liked Juror Zamzow, who was the next juror, because "[h]e seemed affable," "came across as being very common sense, salt of the earth," and had "an air about him of just common sense."

Left with the prosecutor's wobbly and unreliable testimony about needing a stronger juror, we need not accept the district court's finding that the prosecutor testified credibly. When "the story itself [is] so internally inconsistent or

2

implausible on its face that a reasonable factfinder would not credit it," we "may well find clear error even in a finding purportedly based on a credibility determination." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985). Given the internal inconsistencies in the prosecutor's explanation, I would reverse the district court's denial of Patterson's *Batson* claim. Therefore, I respectfully dissent.